United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

------

No. 05-51234
Summary Calendar

------

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JEFFREY LYNN HARRIS, also known as Jeffrey L. Harris,**

**Defendant-Appellant.**

------

**Appeal from the United States District Court
for the Western District of Texas
(6:05-CR-79-2)**

------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jeffrey Lynn Harris pleaded guilty to an indictment count charging him (and others) with attempting to manufacture a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. He was sentenced, *inter alia*, to 168 months in prison.

For the first time on appeal, Harris contends the court violated *United States v. Booker*, 543 U.S. 220 (2005), when it relied solely on the Sentencing Guidelines in calculating his

------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence and allegedly failed to take into consideration the factors provided in 18 U.S.C. § 3553(a). He contends: the court, by doing so, effectively applied the mandatory guidelines regime rejected in *Booker's* companion case, *Fanfan*; and a remand for sentencing under the advisory guidelines scheme is thus required.

We review only for plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993). Harris is required, as a result, to show clear or obvious error affected his substantial rights. *Id*. He fails to do so. A post-*Booker* discretionary sentence imposed within a properly-calculated guideline range is presumptively correct. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). In such circumstances, we will infer that the judge considered all statutory factors as required by *Booker*. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Harris' 168-month prison term was at the bottom of the 168-to-210 month Guidelines range. Because, as discussed below, Harris has not demonstrated that the guideline range in his case was improperly calculated, we infer that the court considered the § 3553(a) factors.

Also for the first time on appeal, Harris contends the sentencing evidence was insufficient to support the two-level increase, under U.S.S.G. § 2D1.1(b)(6)(A), for discharging hazardous substances or waste. Again, we review only for plain error. Contrary to Harris' suggestion, his Presentence

2

Investigation Report (PSR) stated that Harris had not only "discharged", but also "stor[ed]", hazardous material. The PSR stated, and a police officer testified at sentencing, that a methamphetamine laboratory was found in the wooded area behind Harris' apartment and that the laboratory included a storage tank containing anhydrous ammonia. Harris does not dispute that this substance qualified as "hazardous". *See United States v. Stepan*, 66 F. App'x 524, 524 (5th Cir. 2003). The unrebutted PSR information and sentencing testimony bore sufficient indicia of reliability to support finding Harris had stored the anhydrous ammonia. *See United States v. Ingles*, 445 F.3d 830, 839 (5th Cir. 2006); *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002). Harris has not established error, plain or otherwise.

Harris further contends the court erred in calculating the drug quantity attributable to him for sentencing purposes. He maintains he admitted to being responsible for only 87.5 grams of controlled substance but asserts the court improperly increased this total to nearly 750 grams on the basis of "weak", hearsay evidence. To the extent he contends *Booker* requires a greater quantum of proof at sentencing than before, he is incorrect. *See Mares*, 402 F.3d at 519 (citing *Booker*, 543 U.S. at 233, 259-60). Harris presented nothing at sentencing (and identifies no evidence now) to rebut a codefendant's debriefing information that Harris had participated in multiple methamphetamine "cooks"

3

involving approximately the drug quantity set forth in the PSR and relied upon by the district court. *See **Ingles***, 445 F.3d at 839. Harris has not demonstrated the requisite clear error with respect to the drug-quantity determination. *See **United States v. Villanueva***, 408 F.3d 193, 202-03 & n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005).

***AFFIRMED***